W. P. FULTON v. THE STERLING LAND AND INVEST-
MENT COMPANY.

AGREEMENT, CONSTRUED — *Building of College, not Ultra Vires.* The
instrument sued on in this case construed, in the light of the whole
record, to import an undertaking between the plaintiff and defend-
ant. Also *held*, that, under the decisions of this court, the building
of the college referred to in this case was not *ultra vires*.

*Error from Rice District Court.*

THE material facts are stated in the opinion. Judgment
for the plaintiff *Company*, at the September term, 1888. The
defendant, *Fulton*, comes here.

*A. M. Lasley*, for plaintiff in error.

*J. W. Brinckerhoff*, for defendant in error.

Opinion by STRANG, C.: This was an action brought upon
the following instrument, which is made a part of the petition
in the case, to recover from W. P. Fulton the sum of $200,
the amount of his subscription therein:

"We, the undersigned, agree to pay the sum set opposite
our names as follows: One-third down, one-third in six
months from date hereof, and one-third in 12 months from date
hereof, and the said sums so subscribed is a donation to the
Cooper Memorial College, of Sterling, Kas., and the said sum
to be used in erecting the said college building. And it is
agreed that the commencement and building of said college is
to be considered and held as a full consideration for this sub-
scription and our obligation to pay the same set opposite our
names.

"And each subscriber is entitled to lots to the amount of
their subscription in the investment company's addition.

| | | | |
|---|---|---|---|
| J. H. Ricksecker | $750 00 | Skiles & Wirshing | $300 00 |
| H. Irish | 750 00 | W. L. Brown | 200 00 |
| J. C. Turner | 750 00 | W. H. Page | 300 00 |
| C. K. Beckett | 750 00 | J. C. Johnson | 150 00 |
| J. Hoops | 750 00 | H. W. Maxwell | 200 00 |
| J. S. Smith | 750 00 | T. A. Dillay | 200 00 |
| W. M. Quigley | 200 00 | C. B. Donaldson | 100 00 |
| Truehart & Logan | 300 00 | McMurphy & Hughes | 200 00 |
| R. J. Shay | 200 00 | W. P. Fulton | 200 00 |

Fulton v. Land Co.

| | | | |
|---|---|---|---|
| J. W. Goodson | $300 00 | Chas. Mann | $150 00 |
| A. G. Landis | 300 00 | J. T. Gaskell | 150 00 |
| J. M. English | 300 00 | R. F. Bond | 200 00 |
| W. M. Lamb | 150 00 | H. Swartz | 150 00 |
| M. T. Williams | 200 00 | J. O. Stow | 500 00 |
| D. Sturgeon | 200 00 | R. Arnold | 300 00 |
| Hodge & Evans | 200 00 | W. Q. Elliott | 750 00 |

"To be paid only when actually needed to prosecute the work."

The defendant below filed a demurrer to the petition, which was overruled. He then answered, and the case went to trial before the court without a jury. The court found in favor of the plaintiff below. Motion for a new trial was filed and overruled, and a case made and brought to this court for review.

The first error assigned is the action of the court in overruling the demurrer to the petition. The petition alleges the incorporation of the plaintiff under the laws of Kansas, recites the fact that, in 1886, the people of Sterling, Rice county, Kansas, were desirous of securing the location and erection of a college at their city, to be called the Cooper Memorial College, of Sterling, Kas.; that for the purpose of raising money to aid in the construction of said college, the instrument in writing, copied above, was created and the subscriptions therein contained were made; that at the time such subscriptions were made it was understood by the subscribers, including the defendant, Fulton, that the plaintiff, the Sterling Land and Investment Company, was to erect the college, and that said subscriptions were to be collected by said investment company and by it used in the construction of said college; that said subscription list was handed over to said company, and the subscriptions therein, except that of Fulton and one other, were paid to said company; that said company, relying upon said subscriptions to, in part, compensate them therefor, erected said college and turned it over to the trustees of the Cooper Memorial College; that the company tendered Fulton lots in its addition to the full value of his subscription, which he neglected and refused to take; and that he refused to pay the amount of his subscription, or any part thereof.

We think the petition states a cause of action, and the demurrer was properly overruled. Counsel for Fulton claims in his brief that there was no contract between Fulton and the plaintiff below. We think there was. The instrument signed by Fulton must be construed in the light of all that occurred in connection with the subject to which it relates. An examination of the record shows that, in 1886, the people of the city of Sterling, like the people of most other cities of Kansas, were actively engaged in an endeavor to improve their city. To promote such endeavor, they determined to secure the erection of a building therefor and the endowment of a college in the midst. They held public meetings and discussed plans for raising money for the erection of the college building, the defendant below, Fulton, being a resident of said city, and actively engaged with others in the work of securing said money. The consultations in relation to the method of obtaining the means to secure the erection of a college building finally resulted in an understanding that a corporation should be created which should take control of the business of erecting such building; that said corporation should purchase land in a body, and cut it up into blocks and lots and sell the same, and from the profits thus obtained raise a portion of the money with which to erect said college building. It was also agreed that subscriptions should be solicited among the residents of the city, to further aid in the construction of said building. In pursuance of this understanding, the Sterling Land and Investment Company was incorporated, and the subscriptions contained in the subscription list herein copied were obtained.

It was the understanding, from the inception and adoption of the plan pursued for raising money, that the subscribers to the fund for the erection of the college building should be permitted to select and have lots in the company's addition — that is, in the land purchased and subdivided by the company—equal in value with their several subscriptions. The company purchased land, subdivided it, and — except what was taken by the subscribers to the college fund — sold what it could of it, and used the proceeds of such sales in the con-

struction of a college building. It was also understood that a second corporation should be created, known as the Cooper Memorial, College of Sterling, Kas., that should accept the college building when completed, endow the college, and agree to conduct a school therein. The subscription list was turned over to the Sterling Land and Investment Company, which erected the college building and turned it over to the trustees of the Cooper Memorial College, which accepted it.

Construing the instrument sued on in this case in the light of these endeavors, understandings, and accomplishments, with the petition declaring that it was understood by each subscriber to said instrument, including Fulton, that the Sterling Land and Investment Company was to erect the college building, and that the money subscribed should be turned over to said company to be used in the construction thereof, and with a finding of the court in favor of the company upon these allegations, it is not difficult to arrive at the conclusion that the undertaking of Fulton was with the plaintiff below. The last clause of the instrument itself lends decided aid and comfort to this view of the question. It says: "And each subscriber is entitled to lots to the amount of their subscription in the investment company's additon." What investment company, and what addition? It is difficult to determine what company and what addition from the face of the instrument, but with a knowledge of what occurred in connection with the making of said instrument, and the purpose for which it was made, knowing by whom the college building was erected and how the money was to be and was raised for its construction, and also that the understanding was, at the time the subscriptions were made, that the subscribers were to have lots in the Sterling Land and Investment Company's addition equal in value to the amount of their subscriptions, it is very plain that the company referred to in the instrument is the Sterling Land and Investment Company, and the addition referred to is the addition of that company, or the land purchased by that company and subdivided into lots for the purpose of obtaining in part money to construct the college building.

Although the subscriptions in the list are, in said list, said to be donations to the Cooper Memorial College building, yet it is evident from all the surrounding facts and circumstances and understandings that the subscriptions were to a fund which was to be used in the construction of the college building. It is also evident from the same sources that the subscriptions were not absolute donations to any person or corporation, since the subscriber was to receive lots in equal value with his subscription in consideration thereof. It is also evident from the sources enumerated, that the lots promised were to come from the plaintiff below, and to that extent the consideration moved from the said plaintiff to the subscribers. The Cooper Memorial College was to do nothing for anyone except to take the college building when completed and agree to conduct a school therein. It did not undertake to do anything until after the building was completed. It had no duty to perform so far as Fulton was concerned, except the duty alike toward him and all the people of the city, of conducting a school in the college building, after completed and accepted. We think it entirely proper to say, upon the whole record, that the promise and undertaking of Fulton was with the plaintiff below, and we so hold.

But as the subscriptions, upon the face of the instrument alone, seem to be a donation to the Cooper Memorial College, of Sterling, Kas., and as the instrument declares that the commencement and building of the college shall be considered and held as a full consideration for the subscriptions and obligation to pay the same, and as the petition alleges the transfer of the subscriptions to the plaintiff below and the court found in its favor, we could also, with perhaps equal propriety, hold the undertaking, though nominally with the Cooper Memorial College, to be for the benefit of the said plaintiff, and still affirm the judgment of the court below, upon the well-known rule of law that a contract between two persons for the benefit of a third may be enforced by him for whose benefit it is made. To this view of the case it is objected, that the

40 — 47 KAS.

Cooper Memorial College was not incorporated until nine days after the subscriptions (including Fulton's) were made. We do not, however, think this a valid objection. We think a subscription for the benefit of a corporation not yet in existence is binding on the subscriber, if made with the understanding that a charter is being obtained, and it is obtained in accordance with the subscriber's understanding at the time of his subscription.

Upon the theory that the undertaking of Fulton was with the plaintiff below, and that the subscription was to be used by the plaintiff in the construction of a college building to be erected by the plaintiff, it is objected that the plaintiff had no power to make a contract that would bind itself or Fulton, by the terms of which the plaintiff company was to erect a college building; that the construction of a college building is *ultra vires* the powers of the plaintiff as defined in its charter.

The charter of the Sterling Land and Investment Company declares that the purpose for which the corporation is formed is "to buy, own and sell real and personal property, and to improve the same." The charter confers express power upon the corporation, not only to buy and sell both real and personal property, but also to improve the same. We think it might be held that the building of a college upon a small piece of land a part of the larger tract purchased by the corporation, and which is surrounded by the lands of the corporation, is an improvement of the lands of the corporation. The building of the college certainly enhanced the value of the lands owned by the corporation, and in that sense improved them. But whether or not the charter conferred express power upon the corporation to build the college, still, within the decisions of this court, the corporation had power to build the college, or do anything else the direct and proximate tendency of which would be to improve the property of the corporation by enhancing its value, or to render it more desirable and salable. (*Whetstone v. Ottawa University*, 13 Kas. 320; *Town Co. v. Russell*, 46 id. 382.)

We think this disposes of all the questions in this case. It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.